**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1276
_____

PAUL SCHIRMER,

Appellant

v.

DOUGLAS PENKETHMAN, Principal of Middle Township Elementary School District;
MICHAEL J. KOPAWSKI, Superintendant of Middle Township Elementary School
District; CORPORAL JEFFREY DEVICO, Middle Township Police Department;
DETECTIVE CLINTON STOCKER, Middle Township Police Department;
DETECTIVE DOUGLAS OSMUNDSEN, Middle Township Police Department;
DETECTIVE D. HOLT, Cape May County Prosecutor's Office; Lt. F.N.U. FRAME,
Cape May County Prosecutor's Office

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 1-10-cv-01444)
District Judge: Honorable Renee M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2014
_____

Before: FUENTES, FISHER, *Circuit Judges*, and JONES, *District Judge*[1]

(Filed: February 10, 2014)

_____

[1] The Honorable C. Darnell Jones, II, U.S. District Court for the Eastern District of
Pennsylvania, sitting by designation.

_____
OPINION OF THE COURT
_____
FUENTES, *Circuit Judge*:

Paul Schirmer appeals from the grant of summary judgment to all defendants in his false arrest claim under 42 U.S.C. § 1983, and his malicious prosecution claim under the New Jersey Constitution. [2]

Schirmer was a fifth-grade school teacher in Middle Township, New Jersey. This case stems from the allegations of two middle-school students who accused Schirmer of inappropriately touching them. As a result, school officials initiated an investigation and referred the case to the Middle Township Police, which worked with the Cape May Prosecutor's Office to initiate charges. Schirmer was suspended from his position, arrested, and spent a number of hours in police custody.

Schirmer was charged with one count of child endangerment under N.J.S.A. 2C:24-4a (one "who engages in sexual conduct which would impair or debauch the morals of the child" or who "causes the . . . harm that would make the child an abused or neglected child") and two counts of criminal sexual contact under N.J.S.A. 2C: 14-2b ("An actor is guilty of sexual assault if he commits an act of sexual contact with a victim who is less than 13 years old and the actor is at least four years older than the victim";

_____

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). This Court has jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's decision to grant summary judgment is plenary, and we apply the same standard as the District Court. *See Zimmerman v. Norfolk S. Corp.*, 706 F.3d 170, 175-76 (3d Cir. 2013) *cert. denied*, 134 S. Ct. 164 (2013).

sexual contact in turn contains a specific criminal purpose, an "intentional touching … of the victim's intimate parts for the purpose of degrading or humiliating the victim or sexually arousing or gratifying the actor," N.J.S.A. 2C:14-1d). Eventually, some of the charges were dismissed for want of jurisdiction because the conduct was alleged to have taken place outside of New Jersey, and the remaining charges were downgraded and eventually dismissed upon defense motion. Schirmer was later reinstated to his position.

Upon reviewing the evidence, the District Court dismissed the claims against all defendants, in part, on the basis that there was no issue of material fact as to probable cause, which disposed of both claims against all defendants. *Schirmer v. Penkethman*, 2012 WL 6738757, at * 9-11 (D.N.J. Dec. 31, 2012). After a careful review of the record and the parties' arguments, we find no basis for disturbing the District Court's persuasive and well-reasoned findings. We therefore affirm the judgment for substantially the same reasons set forth in the District Court's opinion.